UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 24-cv-411

| | |
|---|---|
| Mario Balero Silva and Jose Genis-Galvan,<br><br>Plaintiffs,<br>v.<br><br>AmeriCredit Financial Services Inc. d/b/a GM Financial, and 11th Hour Recovery, Incorporated,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action originates from Defendants' unlawful repossession of Plaintiffs' automobile and wrongful conversion of personal property in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; Minn. Stat. § 336.9-609; and Minnesota common law.

## JURISDICTION AND VENUE

2. This action arises out of events emanating from this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiffs reside in this District, and Defendants conduct business in this District.

1

## PARTIES

4. Plaintiffs Mario Balero Silva and Jose Genis-Galvan (hereinafter "Plaintiffs") are natural persons who reside in the City of Crystal, County of Hennepin, State of Minnesota. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) and a "consumer debtor" as defined by Minn. Stat. § 336.9-102(a)(22).

5. Defendant AmeriCredit Financial Services Inc. d/b/a GM Financial (hereinafter "Defendant GM Financial") is a financial institution providing a range of financial services including auto-financing, organized under the laws of the United States, with its principal place of business located at 801 Cherry Street, #3600, Fort Worth, TX 76102, with a registered agent of service of Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113. Defendant GM Financial regularly conducts business in the State of Minnesota.

6. Defendant 11th Hour Recovery, Incorporated (hereinafter "Defendant 11th Hour"), is a repossession company that is incorporated under the laws of the State of Minnesota; is licensed to do business and regularly conducts business within said State; with its principal place of business located at 1305 159th Avenue NE, Ham Lake, MN 55304. Defendant 11th Hour address for service is Michael Jansons, 7700 Sunwood Drive, Suite 405, Ramsey, MN 55303. Defendant 11th Hour is a "debt collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692f(6).

## FACTUAL ALLEGATIONS

7. On or about July 29, 2023, Plaintiffs purchased a 2020 Chevrolet Suburban, VIN #: 1GNSKHKC7LR194266 (hereinafter "Vehicle") from a Friendly Chevrolet in Fridley Minnesota (hereinafter "the Dealership").

8. In connection with the purchase, the Plaintiffs were required to obtain a loan to finance the purchase of the Vehicle.

9. The Dealership assigned the contract and security agreement to TD Auto Finance as reflected in the "Retail Installment Contract and Security Agreement" (hereinafter "The Finance Agreement").

10. The Finance Agreement with TD Auto Finance to repay the loan required payments through regular monthly installments by Plaintiffs.

11. The loan with TD Auto Finance was incurred for personal, family, or household purposes.

12. The loan with TD Auto Finance is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Because Plaintiffs incurred the debt for personal and family purposes and purchased the Vehicle for personal and family purposes, the entire transaction was a "consumer goods transaction" as defined by Minn. Stat. § 336.9-102(a)(24).

14. Plaintiffs and the Dealership signed off on the Minnesota certificate of title for the Vehicle, showing Plaintiffs and TD Auto Finance were the owners of the Vehicle and that TD Auto Finance was the lien holder.

15. Plaintiffs made their monthly automobile payments to TD Auto Finance on time and were never late.

16. On or about December 4, 2023, without any prior notice to the Plaintiffs, the Vehicle was wrongfully repossessed / stolen from the Plaintiffs' residence in Crystal, Minnesota by Defendants.

17. Defendants knew or should have known that Plaintiffs and TD Auto Finance were the owners and that any prior lien had been extinguished based on the Minnesota title history.

18. Immediately upon the realization that their Vehicle was gone, the Plaintiffs called the police dispatch and were informed Defendant 11th Hour had repossessed the Vehicle.

19. Defendant GM Financial instructed and hired Defendant 11th Hour, to repossess the Vehicle on its behalf despite knowing that it did not have a present right to possess the Vehicle.

20. Defendants were attempting to collect an alleged outstanding debt from Plaintiff in the form of the Vehicle that secured some potential unknown consumer loan.

21. Defendants were attempting to collect a debt allegedly owed or due by/from Plaintiffs.

22. Plaintiffs, specifically Plaintiff Genis-Galvan and his wife, depend on the Vehicle for Plaintiff Genis-Galvan and his wife's travel and her employment as a home health care provider. Plaintiff Genis-Galvan and his wife are dependent on the Vehicle for transportation to meet the needs of their employment requirements.

23. As a result Defendants' conduct has caused Plaintiff Genis-Galvan and his wife to fear and worry about his wife's employment, specifically as a result of the repossession she missed a couple of her employment appointment obligations, which caused Plaintiff Genis-Galvan's wife to lose a couple of clients.

24. Plaintiffs have suffered an out-of-pocket loss due to Defendants' conduct in the form of hourly wages lost, in an amount not less than $1,000, valuable time contacting the Dealership to determine what happened and how to prove that they are the rightful owner of the Vehicle.

25. The Dealership contacted Defendants GM Financial and 11th Hour and was able to provide the paperwork to prove that the Vehicle was the Plaintiffs.

26. Defendant GM Financial realized that it had made a mistake and had Defendant 11th Hour bring the Plaintiffs' Vehicle back to the Dealership.

27. Eventually the Plaintiff Genis-Galvan had to retrieve the Vehicle, however, during the repossession Defendants' agent caused damages to the Vehicle's fender.

28. According to the estimate to repair Plaintiffs' Vehicle is approximately $700.

29. As a result of Defendants' actions, Plaintiffs have suffered out-of-pocket loss and loss of the vehicle over $5,000.

30. Plaintiff now brings this suit to recover damages.

31. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, loss of sleep, out-of-pocket damages, loss of time, anger, anxiety, embarrassment, frustration, and humiliation.

## TRIAL BY JURY

32. Plaintiffs are entitled to and hereby demand a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692f(6)

### AGAINST DEFENDANT 11TH HOUR

33. Plaintiffs incorporate by reference all the above paragraphs of this Complaint as though fully stated herein.

34. Under 15 U.S.C. § 1692f(6), the FDCPA prohibits debt collectors, such as Defendant 11th Hour, from enforcing a security interest against a debtor's property in the absence of a present right to possession of the collateral.

35. Without a present legal right to possess the vehicle (due to no security interest), Defendant 11th Hour persisted and engaged in a repossession on December 4, 2023, in violation of 15 U.S.C. § 1692f(6).

36. Pursuant to 15 U.S.C. § 1692k(a), Plaintiffs are entitled to recover from Defendant 11th Hour, actual damages, including mental and emotional distress, statutory damages of $1,000, and costs and reasonable attorney's fees.

## COUNT II.

## WRONGFUL REPOSSESSSION - MINN. STAT. § 336.9-609

## AGAINST ALL DEFENDANTS

37. Plaintiffs incorporate by reference all the above paragraphs of this Complaint as though fully stated herein.

38. Defendants had no present legal right to possess Plaintiffs' Vehicle under Minn. Stat. § 336.9-609.

39. Defendants' self-help repossession on December 28, 2023, was therefore conducted without a present right to possession and breached the peace when it stole their Vehicle and its contests, in violation of Minn. Stat. § 336.9-609.

40. Plaintiffs seek statutory damages from Defendants.

41. Pursuant to Minn. Stat. § 336.9-625, Plaintiffs are entitled to recover from Defendants their actual damages, including out-of-pocket loss, and mental and emotional distress.

## COUNT III.

## CONVERSION

## AGAINST ALL DEFENDANTS

42. Plaintiffs incorporate by reference all the above paragraphs of this Complaint as though fully stated herein.

43. Defendants intentionally interfered with Plaintiffs' use of their property without a claim of right by repossessing their Vehicle in violation of Minn. Stat. § 336.9-609.

44. Defendants intentionally interfered with Plaintiffs' use of the property i.e., the Vehicle, without a claim of right by refusing to allow Plaintiffs to possession of the Vehicle itself for ten days.

45. Plaintiffs have suffered an absolute deprivation of their property rights and are entitled to recovery for the full value of the Vehicle and the full value of loss of use of their property due to damages by Defendants.

## COUNT IV.

## CIVIL THEFT- MINN. STAT. § 604.14

## AGAINST ALL DEFENDANTS

46. Plaintiffs incorporate by reference the above paragraphs as though fully stated herein.

47. Defendant GM Financial knew or should have known that after issuing the lien release it would lose all possessory interest in the Vehicle.

48. A person who steals personal property from another is civilly liable to the owner of the property for its value when stolen plus punitive damages of either $50 or up to 100 percent of its value when stolen, whichever is greater.

## COUNT V.

## COMMON LAW TRESPASS TO CHATTELS–THE VEHICLE

## AGAINST ALL DEFENDANTS

49. Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

50. Defendants intentionally, wrongfully, and maliciously interfered with Plaintiffs' right to possession of the Vehicle on December 4, 2023.

51. Plaintiffs were harmed by Defendants' interference with its right to possession of the Vehicle and suffered damages.

52. Plaintiffs are entitled to recover from Defendants damages caused by their willful trespass to its right to the Vehicle and such damages as the jury may allow.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment as follows:

- awarding Plaintiffs actual and statutory damages against Defendant 11th Hour for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiffs reasonable attorney's fees and costs fees against Defendant 11th Hour pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiffs actual and statutory damages against Defendants pursuant to Minn. Stat. §336.9-625;
- awarding Plaintiffs damages caused by Defendants' conversion of Plaintiffs' property;
- awarding Plaintiffs punitive damages for Defendants for civil theft; and
- for such other and further relief as may be just and proper.

Dated this 9th day of February 2024.

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

***ATTORNEYS FOR PLAINTIFF***

# VERIFICATION OF COMPLAIN AND CERTIFICATION BY PLAINTIFFS

We, Mario Balero Silva and Jose Genis-Galvan, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. We are the Plaintiffs in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorney and we believe that all the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 6th day of February 2024.

                                                s/Mario Balero
                                                Mario Balero Silva

                                                s/Jose Genis-Galvan
                                                Jose Genis-Galvan